No. **CR 09 00670 JW**  HRL

# UNITED STATES DISTRICT COURT FILED

# NORTHERN DISTRICT OF CALIFORNIA - I P 3: 30

## *SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

SEALED BY ORDER OF THE COURT

# THE UNITED STATES OF AMERICA

### *vs.*
### DAVID RUSSELL FOLEY and MICHAEL DADDONA

## INDICTMENT

| | |
|---|---|
| **COUNT ONE:** | Title 18, United States Code,§§371 and 2 - Conspiracy to Commit Mail Fraud and Wire Fraud; |
| **COUNTS TWO-ELEVEN:** | Title 18,United States Code § 2320(a) - Trafficking in Counterfeit Goods, Aiding and Abetting; |
| **COUNT TWELVE:** | Title 18 United States Code §§2314 and 2 - Trafficking in Stolen Goods, Aiding and Abetting; |
| **COUNT THIRTEEN:** | Title 18 United States Code §1832(a)(1) - Theft of Trade Secrets; |
| **COUNTS FOURTEEN - EIGHTEEN:** | Title 18 United States Code §§1341 and 2 - Mail Fraud and Aiding and Abetting; |
| **COUNTS NINETEEN-TWENTY THREE:** | Title 18 United States Code §§1343 and 2 Wire Fraud and Aiding and Abetting; |
| **COUNT TWENTY FOUR:** | Title 18 United States Code §§1956(h) and 2 - Conspiracy to Commit Money Laundering and Aiding and Abetting; |
| **COUNTS TWENTY FIVE - TWENTY NINE:** | Title 18 United States Code §1956(a)(1)(B)(i)- Money Laundering |
| **COUNTS THIRTY - THIRTY FOUR:** | Title 18 United States Code §1957 – Engaging in Money Laundering Transactions in Property Derived From Specified Unlawful Activity |

//
//
//
//
//
//
//



| DOCUMENT NO. | CSA's INITIALS |
|---|---|
| | |

DISTRICT COURT
CRIMINAL CASE PROCESSING

**COUNT THIRTY FIVE**  Title 18 United States Code §1344(2) - Bank Fraud

---

*A true bill.*

_Ramona Wills_
Foreperson

*Filed in open court this*  1st  *day of*  **July**

**A.D. 200_9_**

_Patricia V. Trumbull_
**United States Magistrate Judge**

*Bail. $*  No Bail

Under Seal
Patricia V. Trumbull
July 1, 2009

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

FILED

2009 JUL -1 P 3: 30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

~~SEALED BY ORDER OF THE COURT~~

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JW

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID RUSSELL FOLEY, and

MICHAEL DADDONA,

    Defendants.

CR - 09  00670 HRL

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

VIOLATIONS: 18 U.S.C. § 371 –
Conspiracy to Commit Mail Fraud and Wire
Fraud; 18 U.S.C. § 2320(a) - Trafficking in
Counterfeit Goods;
18 U.S.C. § 2314 - Trafficking in Stolen
Goods; 18 U.S.C. § 1832 - Theft of Trade
Secrets; 18 U.S.C. §§ 1341 - Mail Fraud;
18 U.S.C. § 1343 - Wire Fraud; 18 U.S.C. §
1956(h) – Conspiracy to Commit Money
Laundering; 18 U.S.C. § 1956(a)(1)(B)(i)-
Money Laundering To Conceal Illegal
Activity; 18 U.S.C. §1957(a) - Engaging in
Monetary Transactions in Property Derived
From Specified Unlawful Activity; 18
U.S.C. 1344(2) - Bank Fraud; 18 U.S.C.
§ 2--Aiding and Abetting

SAN JOSE VENUE

## INDICTMENT

The Grand Jury charges:

## BACKGROUND

At all times relevant to this Indictment:

    1.    GLOBAL VR was a corporation located in San Jose, California, engaged in the

INDICTMENT

arcade systems as authentic GLOBAL VR product on eBay, an online auction market website. The game packs were sold at significantly lower prices than the retail prices charged by GLOBAL VR.

11.    Customers who purchased the game packs from AUTOMATED SERVICES and DADDONA paid for the games packs by mailing checks to Milford, Connecticut or via wire transfer using PayPal, an online money transfer service. After payments were received from the customers, AUTOMATED SERVICES and DADDONA mailed the game packs to the customers nationwide.

12.    On September 23, 2006, FOLEY was terminated from his employment at GLOBAL VR after an internal investigation revealed that FOLEY continued to sell ULTRACADE game packs for his own benefit, even after FOLEY had agreed to and had been compensated for the transfer of intellectual property from FOLEY to GLOBAL VR.

13.    On October 3, 2006, FOLEY applied for and ultimately secured a loan in the amount of $2,624,475 to purchase a house in Los Gatos, California. FOLEY represented in the application and submitted documents stating that he was then still employed by and received regular income from GLOBAL VR.

COUNT ONE:    (18 U.S.C. §§ 371–Conspiracy to Commit Mail Fraud and Wire Fraud)

14.    The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated herein as if set forth in full.

15.    Beginning on a date unknown, but by no later than in or about June 2006, and continuing to on or about February 2008, in the Northern District of California and elsewhere, the defendants

DAVID RUSSELL FOLEY, and<br>MICHAEL DADDONA

and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed to commit mail fraud and commit wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343.

INDICTMENT                                4

## MANNER AND MEANS OF THE CONSPIRACY

16.    The gist of the conspiracy and scheme and artifice to defraud was that FOLEY, after reaping the benefits from the sale of his company, ULTRACADE, which ultimately resulted in the transfer of all of the assets and intellectual property belonging to ULTRACADE and FOLEY to GLOBAL VR, secretly manufactured and sold game packs containing video arcade games with counterfeit markings belonging to GLOBAL VR for his own financial benefit.

17.    As part of the conspiracy and scheme and artifice to defraud, FOLEY retained and stole the intellectual property and trade secrets belonging to GLOBAL VR, and used materials purchased by GLOBAL VR, and other equipment belonging to GLOBAL VR, to manufacture and produce video arcade game packs and complete video arcade game systems with counterfeit markings.

18.    As a further part of the conspiracy and scheme and artifice to defraud, FOLEY manufactured the game packs by using and including the proprietary code that enabled the games belonging to and licensed by GLOBAL VR,  as well as games not licensed by GLOBAL VR, but owned by third party gaming software developers, such as Namco, Nintendo and Taito, to be played on the video arcade game platform belonging to GLOBAL VR.

19.    As a further part of the conspiracy and scheme and artifice to defraud, FOLEY then sold the games packs he manufactured to AUTOMATED SERVICES, a company owned and operated by DADDONA in Milford, Connecticut.

20.    As a further part of the conspiracy and scheme and artifice to defraud, FOLEY also sold a key fob burner to DADDONA, so that DADDONA could manufacture games packs loaded with the stolen intellectual property and trade secrets belonging to GLOBAL VR and others.

21.    As a further part of the conspiracy and scheme and artifice to defraud, FOLEY directed DADDONA to pay for the counterfeit game packs by sending FOLEY checks made out to FOLEY, as well as sending checks and wire transfers to companies and bank accounts controlled and operated by FOLEY, but held in the names of other persons and entities.

22.    As a further part of the conspiracy and scheme and artifice to defraud, FOLEY

INDICTMENT                                    5

1    business of the development and sale of coin-operated arcade video games based on home

2    gaming technology.  GLOBAL VR's core business was centered upon redesigning video games

3    licensed and developed by third parties, specifically for the coin-operated video arcade gaming

4    market.

5         2.    Defendant DAVID RUSSELL FOLEY ("FOLEY") resided in Los Gatos,

6    California, and previously owned and operated an arcade video game company called UltraCade

7    Technologies (ULTRACADE) in San Jose, California.

8         3.    Defendant MICHAEL DADDONA ("DADDONA") owned and operated a coin-

9    operated vending and arcade game business called AUTOMATED SERVICES in Milford,

10   Connecticut.

11        4.    GLOBAL VR and ULTRACADE entered into negotiations to evaluate an

12   acquisition of the assets of both ULTRACADE and DAVID FOLEY through an Asset Purchase

13   Transaction.  On December 8, 2005, ULTRACADE and GLOBAL VR signed a Memorandum of

14   Understanding memorializing the parties' intentions.  On June 2, 2006, all of the assets of

15   ULTRACADE and the assets FOLEY owned in ULTRACADE were conveyed to GLOBAL VR

16   through a third party.  As part of the purchase, GLOBAL VR obtained all of ULTRACADE's

17   and FOLEY's ownership interests in the subject technology and assets.  FOLEY, who had been a

18   part of the development of some of ULTRACADE's products, also signed over all intellectual

19   property titled in his own name.  All ULTRACADE licensing rights were also transferred to

20   GLOBAL VR.

21        5.    FOLEY was obligated under Employment and Confidentiality agreements to

22   maintain the proprietary and confidential information in confidence and to act in GLOBAL VR's

23   best interests.

24        6.    One of the products that ULTRACADE sold was an item called a game pack.  A

25   game pack was a collection of video games that could be loaded onto a full arcade video game

26   machine.  The rights to produce and sell ULTRACADE game packs were also transferred to

27   GLOBAL VR.

28        7.    In order to manufacture a game pack, a machine called a "fob burner" was used to

INDICTMENT                          2

transfer the intellectual property belonging to GLOBAL VR onto a "key fob" or portable thumb drive. A fob burner is a computer built using a specific motherboard and containing the proprietary fob-loading software. The software was downloaded to a key fob using an operating system that read and decrypted only Global VR games, and could be inserted into a computer to create individual games packs or full arcade systems. The license to use the key fob loading code was transferred from ULTRACADE and FOLEY to GLOBAL VR through the Asset Purchase Transaction. The operating system acquired by GLOBAL VR that enabled video games to be played on the gaming platform was called the "Joshua" operating system. The game packs themselves contained intellectual property of third parties, as well as game files that contained the GLOBAL VR proprietary code that allowed the games to be transferred onto arcade machines using the Joshua operating system.

8.    Unbeknownst to GLOBAL VR, just prior to the purchase of ULTRACADE, FOLEY manufactured game packs at his residence using a fob burner stolen from ULTRACADE, along with approximately 1,500 blank key fobs also stolen from ULTRACADE, and an additional 200 blank key fobs that FOLEY ordered from Ma Laboratories and charged to GLOBAL VR.   FOLEY used the licensed operating system on the key fob burner to manufacture game packs. These game packs were sold to AUTOMATED SERVICES in Milford, Connecticut, a company owned and operated by MICHAEL DADDONA. DADDONA paid FOLEY for the game packs and the proceeds were not recorded in GLOBAL VR's accounting records.

9.    AUTOMATED SERVICES and DADDONA paid FOLEY for the game packs using checks made payable to FOLEY. At FOLEY's direction, DADDONA also paid FOLEY for the game packs by sending checks and wire transfers to a company called TOAPLAN, which is an entity established and controlled by FOLEY. At FOLEY's direction, DADDONA also paid FOLEY for the game packs by sending checks and wire transfers to a bank account in the name of B.B. After deposits were made into the B.B. bank account, funds were immediately transferred to Bank of America Account No. XXXXXX5625, belonging to FOLEY.

10.    AUTOMATED SERVICES and DADDONA advertised the game packs and

INDICTMENT                          3

1  then transferred the monies paid by DADDONA for the counterfeit game pack to a bank account

2  in his own name.

3      23.    As a further part of the conspiracy and scheme and artifice to defraud, FOLEY

4  caused DADDONA to advertise and sell the counterfeit game packs as authentic GLOBAL VR

5  product on eBay, at significantly lower prices than those charged by GLOBAL VR.

6      24.    As a further part of the conspiracy and scheme and artifice to defraud, once

7  consumers placed orders for what was represented to be genuine GLOBAL VR products, the

8  consumers would and did send payment for the game packs to DADDONA by mail or by wire

9  transfers of funds through PayPal.

10      25.    As a further part of the conspiracy and scheme and artifice to defraud, and after

11  DADDONA received payment for what was represented to consumers to be new and genuine

12  GLOBAL VR product, FOLEY caused DADDONA to mail the counterfeit product to the buyers.

13      26.    As a further part of the scheme and artifice to defraud, and in an attempt to

14  conceal FOLEY's illicit activity from his employer, GLOBAL VR, FOLEY instructed,

15  encouraged, and otherwise caused DADDONA to lie to representatives of GLOBAL VR when

16  DADDONA was asked why he had not purchased the regular supply of game packs from

17  GLOBAL VR.

18      OVERT ACTS COMMITTED IN FURTHERANCE OF THE CONSPIRACY

19      27.    In furtherance of the conspiracy and to affect the objects thereof, at least one of

20  the co-conspirators committed and caused to be committed in the Northern District of California

21  and elsewhere, at least one of the following overt acts:

22      a.    The overt acts listed in counts 14 through 23 of this indictment, with each

23  count being adopted and re-alleged as a separate overt act.

24      All in violation of 18 U.S.C. § 371.

25

26  COUNTS TWO THROUGH ELEVEN:    (18 U.S.C. §§ 2320(a) and 2 - Trafficking In
    Counterfeit Goods; Aiding and Abetting)

27

28      28.    The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated

INDICTMENT        6

herein as if set forth in full.

29.    On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

did intentionally traffic in goods and knowingly use counterfeit marks on and in connection with those goods, by knowingly transporting, transferring , and disposing of for value, the following packages of the below-listed counterfeit game packs and arcade systems:

| Count | Date | Item |
|-------|------|------|
| 2 | 6/29/06 | Casino Pack - Ultracade (UC) |
| 3 | 8/26/06 | Taito Arcade Classics Pack for Arcade Legends (AL) |
| 4 | 9/22/06 | Trackball Classics Pack for UC |
| 5 | 10/9/06 | Midway Arcade Treasures for AL |
| 6 | 3/7/07 | Lost Treasures for AL |
| 7 | 3/18/07 | Sports Pack for AL |
| 8 | 4/6/07 | Space Invaders for UC |
| 9 | 9/9/07 | Dragon's Lair Anniversary Pack for UC |
| 10 | 12/11/07 | Mega Pack for AL |
| 11 | 1/28/08 | Custom F pack for AL |

All in violation of 18 U.S.C. §§ 2320(a) and 2.

COUNT TWELVE:    (18 U.S.C. §§ 2314 and 2 -Trafficking in Stolen Goods; Aiding and Abetting)

30.    The factual allegations in paragraphs 1 through 13 are hereby realleged and incorporated by reference as if set forth in full herein.

31.    Beginning on or about June 2006, and ending on or about January 2008, the defendant

DAVID RUSSELL FOLEY

did traffic in stolen goods by knowingly transporting, transmitting, and transferring in interstate commerce, that is, from California to Connecticut, goods of the value of $5,000 or more, to wit: a

INDICTMENT                                7

key fob burner containing the intellectual property and proprietary code belonging to and licensed by GLOBAL VR, knowing the same to have been stolen, converted and taken by fraud.

All in violation of 18 U.S.C.§§ 2314 and 2.

COUNT THIRTEEN: (18 U.S.C. § 1832(a)(1) - Theft of Trade Secrets)

32.    The factual allegations in paragraphs 1 through 13 are hereby realleged and incorporated by reference as if set forth in full herein. set forth in full herein.

33.    Beginning on or about June 2006, and ending on or about January 2008, in the Northern District of California, the defendant

DAVID RUSSELL FOLEY

with intent to convert a trade secret, that is related to and included in products that are produced for and placed in interstate commerce, specifically the delivery mechanism enabling the games contained in the GLOBAL VR game packs to be played on the GLOBAL VR propriety multi-game gaming systems, intending that the theft would economically benefit someone other than GLOBAL VR, and intending and knowing that the offense would injure GLOBAL VR, did steal and without authorization, appropriate and take such information.

All in violation of 18 U.S.C. § 1832(a)(1).

COUNT FOURTEEN THROUGH EIGHTEEN:    (18 U.S.C. §1341 and 2– Mail Fraud; Aiding and Abetting)

34.    The factual allegations in paragraphs 1 through 13 are hereby realleged and incorporated by reference as if set forth in full herein.

35.    On or about the dates listed below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

having devised the above-described scheme and artifice to defraud and obtain money by means

INDICTMENT                              8

of material false and fraudulent pretenses, representations, and promises, caused to be deposited matters and things in the Northern District of California, that is, game packs and video arcade units, to be sent and delivered by a private and commercial interstate carrier, that is, United Parcel Service, as set forth in the separate counts below:

| Count | Date | Name | Address | Amount |
|-------|------|------|---------|--------|
| 14 | 6/29/06 | Sam Martinovich | Danville, California | $ 775.00 |
| 15 | 10/12/06 | Timothy Tarasow | Danville, California | $ 970.00 |
| 16 | 6/01/07 | John Binder | San Jose, California | $ 125.00 |
| 17 | 9/9/07 | Aaron Eeg | Sunnyvale, California | $ 550.00 |
| 18 | 12/10/07 | Ronald Cheung | Foster City, California | $ 550.00 |

All in violation of 18 U.S.C. §§ 1341 and 2.

COUNTS NINETEEN THROUGH TWENTY-THREE:     (18 U.S.C. §§ 1343 and 2 - Wire
                                          Fraud; Aiding and Abetting)

36.     The factual allegations in paragraphs 1 through 13 are hereby realleged and incorporated by reference as if set forth in full herein.

37.     On or about the dates listed below, in the Northern District of California and elsewhere, the defendants,

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

having devised the above-described scheme and artifice to defraud and obtain money by means of material false & fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, and signals, that is, transmissions from the Northern District of California to Connecticut, as set forth in the counts below:

| Count | Invoice Date | Product(s) | Payment Amount |
|-------|--------------|------------|----------------|
| 19 | 6/29/06 | Casino Pack, Galaxian Pack, Space Invaders Deluxe | $ 697.50 |
| 20 | 10/12/06 | Midway Arcade Treasures, Arcade Pack 4 | $1,030.00 |

INDICTMENT                                9

| 21 | 2/09/07 | King Pack for AL | $ 260.00 |
| 22 | 9/09/07 | Dragon's Lair Anniversary Pack for UC, Taito Arcade Classics Pack for UC | $ 592.25 |
| 23 | 12/05/07 | Mega Pack, Space Invaders Pack | $ 180.25 |

All in violation of 18 U.S.C. §§ 1343 and 2.

COUNT TWENTY-FOUR:    (18 U.S.C. §§ 1956(h)–Conspiracy to Commit Money Laundering)

38.    The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated herein as if set forth in full.

39.    Beginning on a date unknown, but by no later than in or about June 2006, and continuing to on or about February 2008, in the Northern District of California and elsewhere, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA,

and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed to engage and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, by depositing a monetary instrument, such property having been derived from a specified unlawful activity, namely, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, and thus in violation of Title 18, United States Code, Section 1957.

40.    The manner and means of the conspiracy in paragraphs 16 through 26 are re-alleged and incorporated herein as if set forth in full.

All in violation of Title 18, United States Code, Sections 1956(h).

//
//
//
//

INDICTMENT                                                    10

COUNTS TWENTY-FIVE THROUGH TWENTY-NINE:  (18 U.S.C. 1956(a)(1)(B)(i) - Money Laundering To Conceal Illegal Activity)

41.    The factual allegations in paragraphs 1 through 13 are hereby realleged and incorporated by reference as if set forth in full herein.

42.    On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

knowing that the property involved in the financial transaction represented proceeds of some form of unlawful activity, did knowingly and willfully conduct and attempt to conduct the financial transactions set forth below, affecting interstate and foreign commerce, all of which involved the proceeds of criminal theft of a trade secret, trafficking in counterfeit goods and stolen goods, and wire fraud and mail fraud, knowing that each transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of those specified unlawful activities, to wit: the defendants established and used bank accounts in the names of nominee business entities including Toaplan Ltd. to conceal the proceeds of the unlawful activity:

| Count | Date | Type | Destination Account | Amount |
|-------|------|------|---------------------|--------|
| 25 | 2/7/07 | Wire | Toaplan | $ 6,000 |
| 26 | 8/1/07 | Wire | Toaplan | $ 3,500 |
| 27 | 12/5/06 | Wire | David Foley | $ 9,400 |
| 28 | 12/11/06 | Wire | David Foley | $ 9,500 |
| 29 | 12/22/06 | Wire | David Foley | $ 5,000 |

All in violation of Title 18, U.S.C. § 1956(a)(1)(B)(i).

//

//

//

INDICTMENT                            11

COUNTS THIRTY THROUGH THIRTY-FOUR:    18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity

43.    The factual allegations in paragraphs 1 through 13 are hereby realleged and incorporated by reference as if set forth in full herein.

44.    On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendant

DAVID RUSSELL FOLEY

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity that took place in the United States, all of which involved the proceeds of criminal theft of a trade secret, trafficking in counterfeit goods and stolen goods, and wire fraud and mail fraud, to wit: the defendant used illegal funds to put a down payment on his house and to pay monthly mortgage and two down payments, all over $10,000:

| Count | Date | Type | Amount |
|-------|------|------|--------|
| 30 | 6/29/06 | Down payment | $95,668.93 |
| 31 | 6/29/06 | Down payment | $35,463.47 |
| 32 | 5/16/07 | Mortgage payment | $16,874.85 |
| 33 | 8/21/07 | Mortgage payment | $16,874.85 |
| 34 | 1/22/08 | Mortgage payment | $18,067.87 |

All in violation of Title 18, U.S.C. § 1957(a).

COUNT THIRTY-FIVE:    (18 U.S.C. § 1344(2) - Bank Fraud)

45.    The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated herein as if set forth in full.

46.    On October 3, 2006, in the Northern District of California, the defendant,

DAVID RUSSELL FOLEY,

knowingly executed a scheme or artifice to obtain any of the moneys, funds, credits, assets,

INDICTMENT                                12

securities, or other property owned by, or under the custody or control of, a financial institution, by means of material false or fraudulent pretenses, representations, and promises, to wit: submission of papers stating GLOBAL VR as an employer and a monthly salary, when in fact as the defendant well knew, he was no longer employed by GLOBAL VR, nor were any monies to be paid to FOLEY by GLOBAL VR.

All in violation of 18 U.S.C. § 1344(2).

FIRST FORFEITURE ALLEGATION:        (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

47.        The factual allegations contained in paragraphs 1 through 13, paragraphs 16 through 26, and Counts 1, 14 - 23 and 35 of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

48.        Upon conviction of any of the offenses alleged in Counts 1, 14 - 23 and 35 of this Indictment, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property constituting, and derived from, proceeds the defendants obtained, directly or indirectly, as the result of said violations, including but not limited to the following property:

a.        a sum of money equal to the total amount of proceeds defendants derived from the commission of said offenses.

49.        If, as a result of any act or omission of the defendants, any of said property

a.        cannot be located upon the exercise of due diligence;

b.        has been transferred or sold to or deposited with, a third person;

c.        has been placed beyond the jurisdiction of the Court;

d.        has been substantially diminished in value; or

INDICTMENT                                13

e.    has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendants have in any other property, up to the value of the property described in paragraph 48 above, shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

<u>SECOND FORFEITURE ALLEGATION</u>:   (18 U.S.C. § 982(a)(1))

50.    The factual allegations contained in paragraphs 1 through 13, paragraphs 16 through 26, and Counts 24 -34 of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

51.    Upon conviction of any of the offenses alleged in Counts 24 -34 of this Indictment, the defendants

DAVID RUSSELL FOLEY, and
MICHAEL DADDONA

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in property, real and personal, involved in said violations, or any property traceable to such property, including but not limited to the following:

a.    all commissions, fees, and other property constituting proceeds of said offenses;

b.    all property used in any matter to commit or facilitate the commission of said offenses;

c.    a sum of money equal to the total amount of money involved in the commission of said offenses.

52.    If, as a result of any act or omission of the defendant, any of said property

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

INDICTMENT                          14

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without

difficulty,

any and all interest the defendant has in any other property, up to the value of the property

described in paragraph 31 above, shall be forfeited to the United States pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1).

DATED: 7/1/09

A TRUE BILL.

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

MATTHEW A. PARRELLA
Chief, San Jose Branch Office

(Approved as to form:

AUSA RICHARD CHENG

INDICTMENT                                    15

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

COUNTS 1 THROUGH 30 - SEE ATTACHMENTS

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

~~SEALED BY ORDER OF THE COURT~~

PENALTY: SEE ATTACHMENTS

---

Name of District Court, and/or Judge/Magistrate Location

**FILED**

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION 2009 JUL -1  P 3 30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

### DEFENDANT - U.S

▶ DAVID RUSSELL FOLEY

DISTRICT COURT NUMBER

UNDER SEAL

**CR-09 00670**

JW

HRL

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   JOSPEH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Richard Cheng

---

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior ▶ summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                Before Judge:

Comments:

A1

## PENALTY SHEET

### United States v. David Russell Foley and Michael Daddona

**Count 1:**     **18 U.S.C. §§ 371 and 2 - Conspiracy to Commit Mail Fraud and Wire Fraud**
(Foley and Daddona)

<u>Maximum Penalties</u>:  5 years imprisonment, 3 years supervised release, $250,000
fine (or twice the gross gain or loss), and $100 mandatory
special assessment

**Counts 2-11:** **18 U.S.C. §§ 2320(a), and 2–Trafficking in Counterfeit Goods;**

**Aiding and Abetting** (Foley and Daddona)

<u>Maximum Penalties</u>: 10 years imprisonment, 3 years supervised release, $250,000
fine, and a $100 mandatory special assessment.

**Count 12:**    **18 U.S.C. §2314 and 2–Trafficking in Stolen Goods; Aiding and Abetting**
(Foley Only)

<u>Maximum Penalties</u>: 10 years imprisonment, 3 years supervised release, $250,000
fine, and a $100 mandatory special assessment.

**Count 13:**    **18 U.S.C. §§ 1832(a)(1)–Theft of Trade Secrets** (Foley Only)

<u>Maximum Penalties</u>:  10 years imprisonment, 3 years supervised release,
$5,000,000 fine, and a $100 mandatory special assessment

**Count 14-18:** **18 U.S.C. §§ 1341 and 2–Mail Fraud; Aiding and Abetting** (Foley and
Daddona)
Elements:

<u>Maximum Penalties</u>:  20 years imprisonment, 3 years supervised release,
$250,000 fine (or twice the gross gain or loss), and a $100
mandatory special assessment.

A1

**Count 19-23: 18 U.S.C. §§ 1343 and 2–Wire Fraud; Aiding and Abetting** (Foley and Daddona)

> Maximum Penalties:  20 years imprisonment, 3 years supervised release; $250,000 fine (or twice the gross gain or loss), and a $100 mandatory special assessment

**Count 24:      18 U.S.C. §§ 1956(h) and 2–Conspiracy to Commit Money Laundering; Aiding and Abetting** (Foley and Daddona)

> Maximum Penalties:  10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment

**Count 25-29: 18 U.S.C. §§ 1956(a)(1)(B)(i)–Money Laundering (Concealment); Aiding and Abetting** (Foley and Daddona)

> Maximum Penalties:  20 years imprisonment, 3 years supervised release, $500,00 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment

**Counts 30-34: 18 U.S.C. §§ 1957–Engaging In Money Laundering Transactions In Property Derived From Specified Unlawful Activity** (Foley Only)

> Maximum Penalties:  10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment.

**Count 35:      18 U.S.C. §§ 1344(2)—Bank Fraud** (Foley Only)

> Maximum Penalties:  30 years imprisonment, 3 years supervised release, $1,000,000 fine, and a $100 mandatory special assessment.

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT
     ☐ SUPERSEDING

**OFFENSE CHARGED**

COUNTS 1 THROUGH 30 - SEE ATTACHMENTS

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

~~SEALED BY ORDER OF THE COURT~~

PENALTY:    SEE ATTACHMENTS

---

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN JOSE DIVISION

*FILED*

*2009 JUL -1 P 3 30*

**DEFENDANT - U.S**

▸ Michael Daddona

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA

**JW**

DISTRICT COURT NUMBER

UNDER SEAL

**CR-09 00670**

DEFENDANT

**HRL**

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. ATTORNEY   ☐ DEFENSE
    } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
    } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   JOSPEH P. RUSSONIELLO

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Richard Cheng

---

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
                                        } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes     If "Yes"
been filed?    ☐ No      give date
                          filed

**DATE OF**  ▸
**ARREST**              Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▸    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Comments:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:              Before Judge:

# PENALTY SHEET

## United States v. David Russell Foley and Michael Daddona

**Count 1:**    **18 U.S.C. §§ 371 and 2 - Conspiracy to Commit Mail Fraud and Wire Fraud**
(Foley and Daddona)

Maximum Penalties:  5 years imprisonment, 3 years supervised release, $250,000
fine (or twice the gross gain or loss), and $100 mandatory
special assessment

**Counts 2-11: 18 U.S.C. §§ 2320(a), and 2–Trafficking in Counterfeit Goods;**

**Aiding and Abetting** (Foley and Daddona)

Maximum Penalties: 10 years imprisonment, 3 years supervised release, $250,000
fine, and a $100 mandatory special assessment.

**Count 12:**    **18 U.S.C. §2314 and 2–Trafficking in Stolen Goods; Aiding and Abetting**
(Foley Only)

Maximum Penalties: 10 years imprisonment, 3 years supervised release, $250,000
fine, and a $100 mandatory special assessment.

**Count 13:**    **18 U.S.C. §§ 1832(a)(1)–Theft of Trade Secrets** (Foley Only)

Maximum Penalties:  10 years imprisonment, 3 years supervised release,
$5,000,000 fine, and a $100 mandatory special assessment

**Count 14-18: 18 U.S.C. §§ 1341 and 2–Mail Fraud; Aiding and Abetting** (Foley and
Daddona)
Elements:

Maximum Penalties:  20 years imprisonment, 3 years supervised release,
$250,000 fine (or twice the gross gain or loss), and a $100
mandatory special assessment.

**Count 19-23: 18 U.S.C. §§ 1343 and 2–Wire Fraud; Aiding and Abetting** (Foley and Daddona)

> Maximum Penalties:  20 years imprisonment, 3 years supervised release; $250,000 fine (or twice the gross gain or loss), and a $100 mandatory special assessment

**Count 24:**      **18 U.S.C. §§ 1956(h) and 2–Conspiracy to Commit Money Laundering; Aiding and Abetting** (Foley and Daddona)

> Maximum Penalties:  10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment

**Count 25-29: 18 U.S.C. §§ 1956(a)(1)(B)(i)–Money Laundering (Concealment); Aiding and Abetting** (Foley and Daddona)

> Maximum Penalties:  20 years imprisonment, 3 years supervised release, $500,00 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment

**Counts 30-34: 18 U.S.C. §§ 1957–Engaging In Money Laundering Transactions In Property Derived From Specified Unlawful Activity** (Foley Only)

> Maximum Penalties:  10 years imprisonment, 3 years supervised release, $250,000 fine (or twice the amount of the criminally derived property involved in the transaction), and a $100 mandatory special assessment.

**Count 35:**      **18 U.S.C. §§ 1344(2)—Bank Fraud** (Foley Only)

> Maximum Penalties:  30 years imprisonment, 3 years supervised release, $1,000,000 fine, and a $100 mandatory special assessment.

22